JS 44 (Rev 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM )*

## I. (a) PLAINTIFFS

Khalif Hohney

**DEFENDANTS**

Clark Filters Inc

**(b)** County of Residence of First Listed Plaintiff    Lancaster PA
*(EXCEPT IN U S PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U S PLAINTIFF CASES ONLY)*

NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian R Mildenberg, Mildenberg Law, 1735 Market Street Ste. 3750,
Phila , Pa 19103; 215-545-4870 (additional counsel listed in complaint)

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U S Government
     Plaintiff
- ☒ 3  Federal Question
     *(U S Government Not a Party)*
- ☐ 2  U S Government
     Defendant
- ☐ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                           *and One Box for Defendant)*

|                                    | PTF | DEF |                                                              | PTF | DEF |
|------------------------------------|-----|-----|--------------------------------------------------------------|-----|-----|
| Citizen of This State              | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State   | ☐ 4 | ☐ 4 |
| Citizen of Another State           | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                                          | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for  Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U S Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original
     Proceeding
- ☐ 2  Removed from
     State Court
- ☐ 3  Remanded from
     Appellate Court
- ☐ 4  Reinstated or
     Reopened
- ☐ 5  Transferred from
     Another District
     *(specify)*
- ☐ 6  Multidistrict
     Litigation -
     Transfer
- ☐ 8  Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
Title VII, 42 USC Section 1981 & 1985

Brief description of cause
Plaintiff has been discriminated against due to his race

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F R Cv P

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____    DOCKET NUMBER _____

DATE
11/19/2018

SIGNATURE OF ATTORNEY OF RECORD

NOV 20 2018

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG JUDGE _____

*EGS*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

*18   5065*

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 512 N. Queen Apt 3 Lancaster PA 17603

Address of Defendant: _____ 3649 Hempland Rd Lancaster PA 17601

Place of Accident, Incident or Transaction: _____ Philadelphia Police Department

---

**RELATED CASE, IF ANY:**

Case Number _____   Judge _____   Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3 | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4 | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE 11/19/2018 _____ Brian R Mildenberg _____ PA 84861

_Attorney-at-Law / Pro Se Plaintiff_ _____ _Attorney I D  # (if applicable)_

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

| | |
|---|---|
| ☐ 1 | Indemnity Contract, Marine Contract, and All Other Contracts |
| ☐ 2 | FELA |
| ☐ 3 | Jones Act-Personal Injury |
| ☐ 4. | Antitrust |
| ☐ 5 | Patent |
| ☐ 6 | Labor-Management Relations |
| ☑ 7 | Civil Rights |
| ☐ 8 | Habeas Corpus |
| ☐ 9. | Securities Act(s) Cases |
| ☐ 10 | Social Security Review Cases |
| ☑ 11. | All other Federal Question Cases |
| | *(Please specify)* _____ |

**B.**   *Diversity Jurisdiction Cases:*

| | |
|---|---|
| ☐ 1 | Insurance Contract and Other Contracts |
| ☐ 2 | Airplane Personal Injury |
| ☐ 3 | Assault, Defamation |
| ☐ 4 | Marine Personal Injury |
| ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Other Personal Injury *(Please specify)* _____ |
| ☐ 7 | Products Liability |
| ☐ 8 | Products Liability - Asbestos |
| ☐ 9 | All other Diversity Cases |
| | *(Please specify)* _____ |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Brian R Mildenberg _____, counsel of record *or pro se plaintiff, do hereby certify

☐ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs.

☑ Relief other than monetary damages is sought

DATE 11/19/2018 _____ /s/ Brian R Mildenberg _____ PA 84861

_Attorney-at-Law / Pro Se Plaintiff_ _____ _Attorney I D  # (if applicable)_

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P  38

Civ 609 (5/2018)

NOV 20 2018



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

**Hohney**

v.

**Clark Filter**

CIVIL ACTION

**18   5065**

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 11/20/2018 | /s/ Brian R Mildenberg | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-4870 | 215-545-4871 | brian@mildenberglaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV 23 2018

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

KHALIF HOHNEY

           Plaintiff

      v.

CLARK FILTER, INC.

      Defendant.

Civil Action No.:

**COMPLAINT**   18    5 0 6 5

To remedy discrimination on basis of African American Race/skin color.

**Jury Trial Demanded**

NOV 23 2018

 

Khalif Hohney, by and through his undersigned attorneys, complaining of Defendant, Clark Filter, brings the instant action requesting judgment in his favor, and against Defendant, and in support thereof, alleges, upon information and belief, as follows:

**NATURE OF ACTION**

1.  Plaintiff, Khalif Hohney, brings this lawsuit against Defendant, Clark Filter, to remedy racial discrimination on the part of Clark Filter. Clark Filter subjected Plaintiff to racial discrimination and a hostile and discriminatory work environment in violation of federal laws.



1

## PARTIES

2.  Plaintiff, Khalif Hohney, is an adult individual, residing at 512 N. Queen Street, Apt. 3, Lancaster, PA 17603. Plaintiff is African American male.

3.  Defendant, Clark Filters, located at 3649 Hempland Road, Lancaster, PA 17601. Clark Filter, Inc. manufactures filters for railroad, and marine and industrial. Clark Filter is a publicly traded corporation and operates as a subsidiary of CLARCOR, Inc. Upon information and belief, the majority of Defendant employees are white.

## JURISDICTION AND VENUE

4.  The above paragraphs are incorporated herein by reference.

5.  Jurisdiction in this Honorable Court is based on federal question 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

6.  Venue is proper in the Eastern District of Pennsylvania, as the facts and transactions involved in the discrimination complained of herein occurred in large part in this judicial district, in Lancaster County, Pennsylvania.

## STATEMENT OF FACTS

7.  The above paragraphs are incorporated herein by reference.

8.  In or about December of 2017, Plaintiff was hired as a temporary employee for Defendant.

9.  In a series of unlawful, deliberate and discriminatory acts, Defendant has created a racist environment for its employees.

10. The discriminatory and racist actions taken against Plaintiff included but are not limited to fellow employees:

   a.  Calling Plaintiff, "colored";

b.  Telling Plaintiff that that his kids were evil because they are black and Puerto Rican;

c.  Telling Plaintiff that he was "cute for a black guy";

d.  Caucasian employees telling Plaintiff what he would never be a permanent employee because he was black.

e.  A Caucasian employee telling Plaintiff to sit in the back of the car when then went out on break because he was black.

11. In or around May, 2018, the Plaintiff was asked to become a permanent employee. At that time, the Plaintiff was hesitant considering all the racial slurs and acts of discrimination that he had experienced.

12. About this same time, Plaintiff reported the racial slurs and discriminatory action to Clark Management.

13. Plaintiff advised that, Karen, a team lead in his department was one of the people who had been involved the racist actions.

14. After his complaint to management, Plaintiff was moved to another department and his hours were cut. He had been working 60 hours weekly, but was now working less than 40 per week.

15. Defendant was retaliating against the Plaintiff for raising complaints of discriminatory conduct.

16. Plaintiff was written up allowing letting bad filters go through the production line which was untrue. Plaintiff had flagged those filters, but the team leaders allowed them to go through anyway. The team leader, Lisa was not written up. Lisa had previously been suspended for saying racially discriminatory remarks regarding another African-American co-worker.

17. Lisa had also written up the Plaintiff for two approved absences. She told him the he could not get a permanent job until he got the points off his record that she had intentionally place their as part of her discriminatory pattern and habit.

18. The actions of Defendant caused Plaintiff was intimidated and scared as he had done nothing wrong.

19. Plaintiff felt that his only choice was to resign. Plaintiff resigned in or around May 28, 2018.

20. The actions of the Defendant were acts of discrimination, with no valid business purpose or justification.

21. Plaintiff was unfairly targeted and discriminated against solely based on the color of his skin.

22. The actions of the Defendant have caused Plaintiff to suffer substantial shame and embarrassment.

23. Plaintiff has exhausted said remedies after filing with the EEOC and other state agencies and has obtained a right to sue.

**COUNT I**
**42U.S.C. Sec. 1981**
**DISCRIMINATION IN THE MAKING**
**AND ENFORCEMENT OF CONTRACTS**
**BASED UPON RACE**

24. The above paragraphs are incorporated herein by reference.

25. Clark Filter evidenced a settled intent to discriminate against Plaintiff by interfering with Plaintiff's rights to the performance and enjoyment of his contract of employment

4

26. Clark Filter intentionally restricted the Plaintiff's contractual benefits based upon illicit discrimination.

27. The aforesaid conduct of Clark Filter was intentional and undertaken in reckless disregard for the federally protected civil rights of Plaintiff.

28. Because of the said violation of 42 U.S.C. § 1981, Plaintiff has suffered discrimination, humiliation, embarrassment, and other harms, and is entitled to entry of judgment in his favor, and against Defendant, together with an award of declaratory and injunctive relief, damages, and ancillary relief as provided by 42 U.S.C. § 1988.

**COUNT II.**
**42U.S.C. Sec. 1985**
**Civil Rights Conspiracy**

29. The foregoing paragraphs are incorporated herein by reference.

30. The foregoing conduct of Defendant violates Plaintiffs' rights pursuant to 42 U.S.C. Sec. 1985, which proscribes any agreement or conspiracy to violate Plaintiffs' federally protected civil rights, including those rights under 42 U.S.C. Sec. 1981.

**COUNT III.**
**VIOLATION OF TITLE VII**

31. The above paragraphs are hereby incorporated herein by reference.

32. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Title VII.

33. Said violations were done with malice and/or reckless indifference, and warrant the imposition of punitive damages.

34. As a direct and proximate result of Defendant violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

5

35. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant discriminatory acts unless and until this Court grants the relief requested herein.

## COUNT IV.
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT (PHRA)

36. The above paragraphs are hereby incorporated herein by reference.

37. The above acts and practices of Defendant constitute unlawful discriminatory employment practices under the Pennsylvania Human Relations Act.

38. As a result of Defendant's discriminatory acts, Plaintiff has suffered and shall continue to suffer monetary damages and damages for mental suffering and humiliation unless and until the Court grants relief.

## COUNT V.
## HOSTILE WORK ENVIRONMENT

39. The above paragraphs are incorporated herein by reference.

40. The foregoing actions of Defendant created a hostile work environment that was severe and pervasive and that altered the terms and conditions of Plaintiff's employment

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendant individually, jointly and/or severally, together with interest, costs, punitive damages, attorney's fees and such other and further relief as this Honorable Court deems just, including equitable injunctive relief.

Respectfully Submitted,

6

BY: _____
BRIAN R. MILDENBERG, ESQ
MILDENBERG LAW FIRM
Attorney ID No. 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
**Attorney for Plaintiff**


DATED: November 20, 2018


BY: */s/ Matthew Weisberg*
MATTHEW B. WEISBERG, ESQ
WEISBERG LAW
Attorney ID No. 85570
7 South Morton Ave. 19070
Morton, PA
610-690-0801
Fax: 610-690-0880
**Attorney for Plaintiff**

BY: */s/ Gary Schafkopf*
GARY SCHAFKOPF, ESQ
SCHAFKOPF LAW, LLC
Attorney ID No. 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334
**Attorney for Plaintiff**


DATED:   November 20, 2018

7

# Mildenberg Law Firm

1735 Market Street, Suite 3750   |   Philadelphia, PA 19103
t: 215-545-4870   |   f: 215-545-4871   |   brian@mildenberglaw.com

November 20, 2018

Clerk,  U.S. District Court, ED of PA
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106

### Re: Hohney v. Clark Filters

Dear Sir/Madam:

Enclosed please find one (1) original of Plaintiff's Civil Action Complaint, along with a CD containing a .pdf version of same, and a check in the amount of $400.00 from my co-counsel for the filing fee in this matter.

Kindly file the original Complaint and issue Summons to the undersigned.

Thank you for your kind attention to this matter.

Respectfully submitted,

*/s/ Brian R. Mildenberg*
Brian R. Mildenberg, Esquire
Mildenberg Law Firm
Attorney ID # 84861
brian@mildenberglaw.com